UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE SOLO PRODUCTIONS, INC., et al., | ) | Case No.  1:09 CV 555 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| JEREMY DAWSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants McJames Music, Inc., Steven McClintock and Timothy James Auringer (collectively the "McJames Defendants") have moved the Court to award sanctions against Plaintiffs' counsel, Michael R. Tucci, Esq., in the amount of $9710.25, representing the fees and costs incurred by the McJames Defendants in connection with this action being wrongfully filed in the Northern District of Ohio ("Motion") (**ECF No. 33**). Plaintiffs have filed a brief in opposition to the Motion. (ECF No. 34.)  The Court has reviewed the Motion, the opposition brief and the record and, for the reasons to follow, **GRANTS** the pending Motion.

**I.**

**A.**

On March 13, 2009, Mr. Tucci, on behalf of Plaintiffs Joe Solo, Joe Solo Productions, Inc. and Oloseoj Publishing, filed this copyright infringement case in the United States District Court for the Northern District of Ohio.  (ECF No. 1.)  While the Complaint

recited extensive conduct in California, the Complaint did not recite any acts or events in Ohio, or suggest a basis for jurisdiction in Ohio. (Id.) Counsel for the McJames Defendants (David Duckworth, Esq.) contacted Mr. Tucci and questioned why this case had been filed in Ohio; Mr. Tucci apparently responded that Plaintiff Joe Solo owned a residence in Ohio. (ECF No. 33-1, Duckworth Decl. ¶ 3.) After performing additional research, counsel for the McJames Defendants again contacted Mr. Tucci, explaining in detail that the McJames Defendants had no connection whatsoever to Ohio, and suggested that a dismissal without prejudice might be in order. (Id. ¶ 4.) When Mr. Tucci declined to dismiss the case, counsel for the McJames Defendants filed, on May 11, 2009, a motion to dismiss or, in the alternative, a motion to transfer the case to California. (ECF 20.) The other defendants filed similar motions. (ECF Nos. 19, 21, 22.) Mr. Tucci, on behalf of his clients, filed an opposition to the McJames Defendants' motion on June 11, 2009, arguing that there was jurisdiction in the Northern District of Ohio. (ECF No. 25.) Mr. Tucci did not, however, include in his response any facts supporting jurisdiction in Ohio. (Id.) His only argument was that because the defendants had distributed the infringing work on a nationwide basis, there was jurisdiction in Ohio. (Id.) On July 23, the Court granted the McJames Defendants' motion, and directed that the case be transferred to the Central District of California. (ECF No. 32.)

**B.**

Title 28, Section 1927 of the United States Code ("Counsel's liability for excessive costs") permits the Court to impose sanctions upon an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In his response in opposition to the motion for sanctions, Mr. Tucci does not attempt to defend his decision to file

the case in the Northern District of Ohio, and to litigate the issue once the motion to dismiss was filed. His principal argument is that inadvertence and negligence are not grounds for imposing § 1927 sanctions. While this proposition may be correct, the Court finds that counsel's conduct went way beyond this. There was never anything in the Complaint which connected the alleged copyright infringement to Ohio. In his brief in opposition to the motion to dismiss, Mr. Tucci cited the Sixth Circuit decision of *Bridgeport Music, Inc. v Still N The Water Publishing*, 327 F.3d 472 (6th Cir. 2003), which holds that placing a product in the stream of commerce without more does not constitute purposeful availment. Even if Mr. Tucci somehow believed at the time he filed the Complaint that there was jurisdiction in Ohio, he should have realized when he read the McJames Defendants' motion and researched the caselaw that there was no basis to oppose it. Mr. Tucci's persistence in contending that there was jurisdiction in Ohio necessitated the Court expending valuable resources in dealing with this matter.

It is important that the threat of sanctions not be used to chill zealous advocacy, and it is for this reason that the Court imposes monetary sanctions on counsel in the rarest of occasions. This is, however, one of those times. Even if counsel believed at the time he filed the Complaint that there was jurisdiction in Ohio, he consciously rejected several opportunities to correct his erroneous impression.

**II.**

Accordingly, the Court hereby **GRANTS** the pending Motion (**ECF No. 33**) and **ORDERS** Mr. Tucci to pay plaintiffs' counsel the sum $9710.25 by October 30, 2009, which the Court finds is the amount the McJames Defendants spent litigating the jurisdictional issue and filing the motion for sanctions. The Court notes that Mr. Tucci has not questioned in his

response that counsel for the McJames Defendants billed their clients this amount for litigating the jurisdictional issue and filing the motion for sanctions, nor has he contended that this amount is excessive.

**IT IS SO ORDERED.**

**/s/Dan Aaron Polster     September 18, 2009**
**Dan Aaron Polster**
**United States District Judge**